IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-07-56-C |
| | ) | |
| CURTIS LEROY ROBERTSON and | ) | |
| JUPITER LAMAR ROGERS, | ) | |
| a/k/a "Graveyard," | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rogers' renewed motion for acquittal and for a new trial. The government has filed a response, and the matter is now at issue.

Along with his co-defendant Robertson, Defendant was convicted by a jury on June 19, 2007, on four criminal counts: (1) conspiracy to manufacture, to possess with intent to distribute, or to distribute 50 grams or more of cocaine base; (2) possession with intent to distribute 50 grams or more of cocaine base; (3) possession of a firearm in furtherance of a drug trafficking crime; and (4) possession of a firearm by a convicted felon. (See Dkt. No. 101.) During the trial, Defendant moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 both at the end of the United States' case-in-chief and at the conclusion of his own case-in-chief; each time the Court denied Defendant's motion. (See Gov't's Resp., Dkt. No. 106, at 1.) Defendant now again requests that the Court set aside the guilty verdict and enter an acquittal, or in the alternative he asks the Court to vacate the judgment and grant him a new trial. (See Def.'s Mot. Dkt. 105.)

## I.  DISCUSSION

*A.  Renewed Rule 29 Motion for a Judgment of Acquittal*

Defendant argues that the government's evidence was insufficient to sustain a conviction on all four counts.  Under Fed. R. Crim. P. 29(c), a defendant may renew his or her motion for judgment of acquittal within seven days after a guilty verdict.  If the evidence is insufficient to sustain a conviction, the Court may set aside a guilty verdict returned by the jury and enter an acquittal.  Fed. R. Crim. P. 29(c)(2).  The Court must consider the sufficiency of the evidence in the light most favorable to the government and determine "whether any rational trier of fact could have found, from the direct and circumstantial evidence presented to it, together with the reasonable inferences therefrom, the essential elements of the crime beyond a reasonable doubt."  United States v. McIntosh, 124 F.3d 1330, 1334 (10th Cir. 1997). In other words, the Court must defer to the jury's finding "unless no reasonable juror could have reached the disputed verdict."  United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997).  The evidence must support the conviction beyond raising "a mere suspicion of guilt," but "it need not conclusively exclude every other reasonable hypothesis[,] and it need not negate all possibilities except guilt."  United States v. Vallejos, 421 F.3d 1119, 1122 (10th Cir. 2005) (internal quotation marks omitted).

Defendant's renewed motion presents nothing new for the Court beyond what was already considered in denying his previous motions, and he fails to demonstrate that the evidence, taken as a whole and in the light most favorable to the government, was insufficient for a rational trier of fact to find beyond a reasonable doubt that Defendant was

guilty of each of the four counts. During its case-in-chief, the government presented, inter alia, testimony by the officer who arrested Defendant. The arresting officer's testimony firmly linked Defendant to the hotel room where both his co-defendant was located at the time of the arrest and the unlawful drugs and firearms were seized. According to Defendant, the arresting officer's testimony should be disregarded, and without this testimony there is insufficient evidence to show an agreement between the two co-defendants or a sufficient link between Defendant and the seized items. First, Defendant argues that the arresting officer's testimony was "unbelievable" and "contradicted" by several points of testimony of a hotel employee presented during Defendant's case-in-chief. (See Def.'s Mot. at 2-3.) When the Court is determining the sufficiency of the evidence under Fed. R. Crim. P. 29, however, it remains within the province of the jury to determine credibility and to find the facts. The Court is not permitted to gauge witnesses' credibility or to weigh conflicting evidence. United States v. Vallo, 238 F.3d 1242, 1247 (10th Cir. 2001). Thus, Defendant's subjective opinion that his own witness's version of events was the better one does not render the arresting officer's testimony "unworthy of belief." (See Def.'s Mot. at 4.)

Defendant further places great emphasis on apparent inconsistencies in the arresting officer's testimony regarding whether the officer saw Defendant's whole person exiting the hotel room. More specifically, Defendant claims that the officer gave inconsistent testimony as to whether he actually viewed Defendant's hand and a bag of crack cocaine in it. This bag was later seized exactly where the government alleged Defendant had thrown it, which is also where the arresting officer heard a "thud." (See id.) Defendant has not shown that the

arresting officer's testimony is incredible. As Defendant himself notes, the arresting officer addressed and admitted to the alleged inconsistencies during his own testimony. (See id.) In addition, the jury was properly instructed that it should consider the significance of witnesses' misstatements and mistakes in the context of their testimony. (See Dkt. No. 98.) Normal human error in reciting memories of events that transpired over four months prior to the trial does not render the officer's testimony incredible. To be considered incredible, testimony "must be unbelievable on its face, i.e., testimony as to facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir. 1991) (alteration in original) (internal quotation marks omitted). "[T]he testimony must be so 'at odds with ordinary common sense or physically impossible under the laws of nature' that no reasonable person would believe it beyond a reasonable doubt." Id. (quoting Wilcox v. Ford, 813 F.2d 1140, 1146 (11th Cir. 1987)). The officer's admitted uncertainty and inconsistency as to whether he saw Defendant's hand with drugs in it does not render his testimony incredible.

*B. Rule 33(a) Motion for a New Trial*

Defendant cursorily contends he is entitled to a new trial because his due process rights were violated and he was denied a fair trial in violation of the Fifth and Sixth Amendments. (See Def.'s Mot. at 5.) Defendant does not present any additional support for this assertion beyond the arguments raised regarding his Rule 29 motion.

The Court has discretion to vacate a judgment and grant Defendant a new trial upon Defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a).

> The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal. . . . [In addition to granting a new trial "if the interest of justice so requires" under Rule 33], any error that would require reversal on appeal is a sufficient basis for granting a new trial. However, the court disfavors new trials and exercises great caution in granting them. The burden of demonstrating prejudicial error is on the defendant, and new trials should not be granted if a defendant's substantial rights have not been affected. The court may weigh the evidence and consider the credibility of witnesses, but it may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable.

United States v. Yoakam, 168 F.R.D. 41, 44 (D. Kan. 1996) (citations and internal quotation marks omitted).

The Court is proscribed from granting a new trial except "in exceptional cases in which the evidence preponderates heavily against the verdict." United States v. Evans, 42 F.3d 586, 593 (10th Cir. 1994) (internal quotation marks omitted). Defendant has not carried his burden of showing that his substantial rights were affected or that a new trial is necessary. As explained above, the arresting officer's testimony linked Defendant to the hotel room where both his co-defendant and the unlawful items were found, thus providing evidence supporting conviction on all four counts. Beyond his ultimately unsuccessful contentions that the hotel employee's testimony ought to have received more credence and the officer's testimony was incredible, Defendant has not demonstrated any specific reason that the jury's verdict violates the interest of justice or constitutes prejudicial error. Defendant has not shown that he suffered a constitutional violation that would necessitate vacating the jury's presumptively valid verdict.

## II. CONCLUSION

As explained herein, Defendant has failed to demonstrate that the evidence was insufficient to sustain his conviction. Additionally, Defendant has failed to show that the interest of justice requires the Court to grant Defendant a new trial. Therefore, Defendant's motion (Dkt. No. 105) is DENIED.

IT IS SO ORDERED this 22nd day of August, 2007.

ROBIN J. CAUTHRON
United States District Judge